18364

Dan E. BEASLEY, Temporary Administrator of the Estate of Darrell Tolson, Appellant, v. ALLSTATE INSURANCE COMPANY, Respondent.

(142 S. E. (2d) 872)

154

*Messrs. Edward E. Saleeby,* of Hartsville, and *Greer & Chandler,* of Darlington, *for Appellant,*

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, and *Baskin & Cothran,* of Bishopville, *for Respondent,* 

June 16, 1965.

BUSSEY, Justice.

On February 16, 1962, plaintiff's intestate, Darrell Tolson, was fatally injured while riding as a passenger in a vehicle owned by his father L. G. Tolson, and being operated at the time by Raymond Wilkes. Plaintiff recovered a judgment against Wilkes in the amount of $75,000.00, for the wrongful death of the said Darrell Tolson, and thereafter instituted this action against respondent to recover the sum of $10,000 from respondent, it being alleged that the said Wilkes was "an insured" under a "non-owners" automobile liability policy issued by respondent to the said Darrell Tolson.

The respondent denied that Wilkes was an insured under the aforesaid policy and the issues being joined, the cause was submitted to the trial judge, upon a stipulation of facts, as a case involving only an issue of law. The trial judge concluded that the said Wilkes was not an insured under the aforesaid policy and from his order so holding comes this appeal.

The statement of facts upon which the cause was submitted to the court is fairly meager. It made the record in the negligence action a part of the record in this case, but the record in the negligence action was not submitted to this court as an exhibit. The policy involved is set forth in full in the record.

This "nonowners policy" was issued by way of an endorsement to a standard automobile policy of insurance.

The nonowners endorsement clearly defines just who was insured thereunder in the following language,

"With respect to the insurance for Bodily Injury Liability and for Property Damage Liability the unqualified word 'insured' includes (a) such named insured and spouse and (b) any other person or organization legally responsible for the use by such named insured or spouse of an automobile not owned or hired by such other person or organization."

While the exceptions of the appellant are several, the sole question is whether or not Wilkes was an insured by virtue of the above quoted language, since there is no other language in the policy which would include Wilkes as an insured or afford him any coverage. The named insured in the policy was Darrell Tolson, and the question of whether Wilkes was an insured is narrowed to the question of whether he was at the time a person legally responsible for the use by Tolson or his spouse of the automobile. The language of the policy is, to our minds, clear and completely free of ambiguity. There is a complete absence of any fact in the record tending to show that Wilkes was legally responsible for any use of the automobile by either Darrell Tolson or, perchance, his spouse. Under these circumstances, Wilkes clearly has not been proved to be an insured within the terms of the policy and nothing more really needs to be said.

Appellant has cited many cases which are clearly not in point and which we shall not here attempt to review. Much of appellant's argument is devoted to the meaning attributed by various courts to the words "legally responsible" when those words were not followed by the language here "for the use by such named insured, etc." This argument simply ignores the clear language of the policy here involved. Wilkes was no doubt "legally responsible" for his conduct in the operation of the automobile, but such does not make him "an insured". He was "an insured" only if he was "legally responsible for the use thereof" by Tolson or his spouse.

Other argument of appellant is based upon judicial construction of the omnibus clauses contained in most present day standard form automobile liability policies, whereby much broader coverage is accorded with respect to additional insureds, than is provided by the clear policy language here.

No case has been cited or come to our attention where both the facts and the policy language are identical with the one here involved. Respondent does call our attention to the case of *Robinson v. Georgia Casualty and Surety Co.,* 235 S. C. 178, 110 S. E. (2d) 255, as one not directly in point but analogous. It is analogous in certain respects, and the driver of the automobile there was held not to be an insured. The language of one clause of the policy there was identical with the policy language with which we are here concerned. The precise issue before us in the instant case was not there, however, discussed or decided.

Our conclusion that Wilkes was not an insured under the clear and unambiguous language of the policy is reached on the simple basis that there are no facts in the record tending to show that Wilkes was legally responsible for any use being made of the automobile by Tolson, under the doctrine of respondant superior or otherwise. All exceptions of the appellant are, in our view, without merit, and the judgment of the lower court is, accordingly, affirmed.

Affirmed.

TAYLOR, C. J., and MOSS. LEWIS and BRAILSFORD, JJ., concur.