**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

**v.**

**NATIONWIDE MUTUAL INSURANCE COMPANY et al., Appellees.**

No. 72–2388.

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1973.

Decided April 30, 1973.

William W. Kehl, Greenville, S. C. (David L. Freeman, Wyche, Burgess, Freeman & Parham, P. A., Greenville, S. C., on brief), for appellant.

Ernest J. Howard, Greenville, S. C., (Griffin & Howard, Greenville, S. C., on brief), for appellees.

Before BRYAN, Senior Circuit Judge, and FIELD and WIDENER, Circuit Judges.

ALBERT V. BRYAN, Senior Circuit Judge:

Appellant, State Farm Mutual Automobile Insurance Company, sought in the District Court a declaration by summary judgment that three automobile liability policies issued by it to the named insureds, John Sam Johnson and Nina Johnson, his wife, did not extend coverage to their daughter, Dorothy Jean Johnson, while driving a "non-owned automobile". The District Court, 349 F.Supp. 158, found this feature of the policies so ambiguous in meaning as to be of no effect. In consequence, the Court resolved the alleged lack of clarity against the insurer, thus including the daughter within the protection of the policies. We reverse.

The appellant had written these policies upon two automobiles owned by John Sam Johnson and upon one owned by Nina Johnson. On October 17, 1971, Dorothy was involved in an accident when the car which she was driving, and which was not owned by her or her parents, collided with a 1964 Ford and caused the deaths of all four of the Ford's occupants.[1]

The provision under interpretation was identical in all of the policies. It stated the indemnity afforded in regard to non-owned cars as follows, with the determinative clause underlined:

"USE OF NON-OWNED AUTOMOBILES

"If the named insured is a person or persons . . .

"(1) coverages A and B applies [sic] to the use of a non-owned automobile by:

"(a) *the first person named in the declarations or,*

"(b) his spouse if a resident of the same household, and

"(c) any other person or organization not owning or hiring such automobile, *but only with respect to his or its liability for the use of such automobile by an insured* as defined in subsections (a) and (b) above. . . ."[2]

Fatal ambiguity was seen by the District Judge in section (1)(c)'s giving coverage of a person not owning or hiring the insured automobile *"only* with respect to his . . . liability for the use of such automobile by an insured". The judge reasoned:

". . . there would be no logical reason for the inclusion of paragraph (1)(c) . . . unless it was intended to extend coverage "A" and "B" to some person *other than* the named insured and his or her spouse. The first portion of subsection (1)(c), up to the word "but", appears to do just that. The remainder of this section however, beginning with the word "but", renders the whole of subsection (1) (c) meaningless, as it limits the coverage of "any other person . . ." to *"his* [the other person's] *liability for the use of such* [nonowned] *automobile by an insured as defined in subsections (a) and (b)* above;", i. e. the named insured and his or her spouse."

The clause so penalized is less obscure to us. In our construction the offending clause means that the non-owner coverage is only against such liability of a non-owner as might arise from the use of the automobile by the insured, that is, a responsibility imputable to the non-owner by reason of an act of the insured. For example, if the non-owner is the employer or principal of the insured, or stands in any other relation to the insured in which the law would make the

---

1. The appellees here—defendants at trial —were the three Johnsons, the personal representatives of those killed in the accident and the owner of the other car in collision.

2. Coverage A provides liability indemnity for bodily injury to another; coverage B provides liability indemnity for damage to property of another.

non-owner answerable for the insured's use of the automobile, then only would the non-owner be protected by section (1)(c) of the policy. Here, it does not appear that Dorothy's collision occurred in the insured's—her parents'—use of the non-owned automobile.

This has been the meaning consistently placed upon section (1)(c) and upon its predecessors, which were expressed in substantially the same wording. There has been no deviation from this application of the section's language, so far as we have discovered. Hamilton v. Maryland Casualty Company, 368 F.2d 768, 773 (5 Cir. 1966); Beasley v. Allstate Insurance Company, 246 S.C. 153, 142 S.E.2d 872 (1965).

As there was no difference between the parties on the facts, and decision rested exclusively on the law question of the correct construction of the policies, the ruling of the District Court will be vacated and the action remanded with directions to sustain the appellant insurer's motion for summary judgment.

Vacated and remanded with directions.