Howard KAUBLE and Shirley Kauble, Plaintiff-Respondent,

v.

MFA MUTUAL INSURANCE COMPANY, Defendant-Appellant.

No. 44890.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 10, 1982.

Reginald P. Bodeux, Norman C. Steimel, III, St. Charles, for defendant-appellant.

Dale L. Rollings, James A. Borchers, St. Charles, for plaintiff-respondent.

SNYDER, Judge.

MFA Mutual Insurance Company appeals from a $6,688.00 judgment pursuant to a jury verdict in favor of Mr. and Mrs. Howard Kauble (respondents) on a home-owners insurance policy. The judgment is reversed and the cause remanded with instructions to enter a judgment in favor of MFA Insurance Company notwithstanding the verdict.

The Kaubles were moving from one residence to another. Appellant insured the old residence under the home-owners insurance policy in question. After transferring the majority of their possessions to the new residence, it was burglarized and vandalized. The Kaubles notified appellant of their misfortune and sought reimbursement for their loss under the home-owners policy. Appellant denied liability under various exclusionary clauses of the policy. The Kaubles then filed their two count petition alleging that their loss was covered by the policy and seeking damages for vexatious refusal to pay.[1]

Appellant raises three points in its brief. Only one must be considered. The question of whether the trial court erred in refusing to direct a verdict in appellant's favor is dispositive of the appeal. This court finds that as a matter of law there was no liability under the home-owners policy.

Mr. Kauble was the only witness. He testified that in October of 1979 he hired carpenters to begin converting a large steel building located on a parcel of land near his home (old residence) into living quarters (new residence) for him and his wife. By December, 1979 the conversion was complete with the exception of the water and sewer hook-up, which was done in the spring of 1980. Despite the lack of water and sewer service, the Kaubles planned to move into the new place on December 12, 1979. The Kaubles began transferring their household possessions to the new place during the last week of November, and by December 2, the only items remaining at the old residence were a refrigerator, a micro-wave oven, beds, chairs, clothing and a few other similar items. After all their goods, other than a "few necessities" left at the old residence, were placed in the new residence, Mr. Kauble locked the doors and returned to the old residence. When he returned to the new residence the next morning, December 3, 1979, he discovered it had been burglarized and that many of the items which had not been stolen had been damaged.

The home-owners policy introduced in evidence by the respondents was issued to Mr. and Mrs. Kauble on the property designated in this opinion as the old residence. The expiration date was December 12, 1979. The policy was in effect at the time of the burglary. Prior to December 2, 1979 respondents attempted to obtain other insurance coverage on the personal property in the new residence from MFA and two other insurance companies, but were unable to do so because respondent planned to be in Florida for most of the month of December and in Mexico from January to April of 1980. Respondents first slept in the new residence on December 27, 1979 and occupied it until January 3, 1980 when they left for Mexico. They returned April 25, 1980.

■ A complaint by a defendant that the trial court should have directed a verdict in its favor is essentially an allegation that the plaintiff failed to present evidence sufficient to make a submissible or prima facie case. *Oventrop v. Bi-State Development Agency,* 521 S.W.2d 488, 495 (Mo. App. 1975). The general rule in insurance cases is that plaintiff makes prima facie case of coverage by establishing issuance and delivery of the policy of insurance, payment of the premium, a loss caused by a peril in-

---

1. The count alleging vexatious refusal to pay was dismissed by respondents at the close of their case.

sured against, notice of loss and proof of the loss to the insurer as required by the terms of the policy. *Grossman Iron and Steel Co. v. Bituminous Casualty Corp.,* 558 S.W.2d 255, 259 (Mo. App. 1977).

■ Once a prima facie case has been made, the case should not be taken from the jury because the plaintiff has the right to have the jury judge the credibility of defendant's witnesses and the weight of their testimony. *Smith v. Prudential Ins. Co. of America,* 300 S.W.2d 435, 440 (Mo. 1957).

■ An exception to the general rule occurs when the insurance company asserts an affirmative defense which can be proved by documentary evidence, by plaintiff's evidence or evidence that plaintiff admits to be true. *Boyle v. Colonial Life Ins. Co. of America,* 525 S.W.2d 811, 815 (Mo. App. 1975). When the evidence and reasonable inferences lead to only one possible conclusion under the facts and law, there is no issue for submission to the jury. *Smith v. Prudential Ins. Co. of America, supra* at 440; *Richardson v. Employer's Mutual Liability Ins. Co. of Wisconsin,* 269 S.W.2d 132, 134 (Mo. App. 1954).

■ Respondents made a prima facie case when they proved the issuance and delivery of the policy, payment of the premium, notice, and proof of loss. The question is whether there was any issue for submission to the jury. There was no dispute concerning the policy and the fact that a loss had occurred. The question this court must decide is whether, considering the undisputed facts and the provisions of the policy, there was liability under the policy. This court finds there was no liability.

The theft provisions of the policy are set out below.

## PERILS INSURED AGAINST

\* \* \* \* \* \*

1. Theft, meaning any act of stealing or attempt thereat, including loss of property from a known place under circumstances when a probability of theft exists.

\* \* \* \* \* \*

General Theft Exclusions:
This policy does not apply to loss:
1) \* \* \*
2) in or to a dwelling under construction or of materials or supplies therefore until completed and occupied;

\* \* \* \* \* \*

c. Theft Exclusions applicable to property away from the described premises:
This policy does not apply to loss, away from the described premises of:
(1) property while in any dwelling or premises thereof, owned, rented or occupied by an insured, except while an Insured is temporarily residing therein; however, property of a student who is an Insured is covered while at a residence away from home if the student has been at that residence at any time during the 45 days immediately before the loss.

The language of the policy is clear and unambiguous, and therefore the plain meaning of the words determines the intent of the parties to the contract. This rule of interpretation also applies to provisions limiting liability in insurance contracts. *State Farm Mutual Automobile Ins. Co. v. Thomas,* 549 S.W.2d 616, 617–618 (Mo. App. 1977). Respondents' argument for liberal construction of the policy is not applicable here due to the absence of any ambiguity. *Gossett v. Larson,* 457 S.W.2d 709, 712 (Mo. 1970).

The first section of the policy describes the types of property covered by the policy. Unscheduled personal property on the premises of the old residence is covered by this section. Under supplementary coverages, respondents' unscheduled personal property was also covered on a pro rata basis, as they were moving it from the old residence to the new one, for a period of thirty days following the commencement of the property's transfer. Respondents rely on the supplementary coverage provision, but the policy must be read as a whole. The loss was by theft. The theft exclusions apply and they defeat respondents' claim.

Under the "General Theft Exclusions", theft of respondents' unscheduled personal

property from the new residence was insured against once the building was complete *and* occupied, (Emphasis added) or under "Theft Exclusion c(1)" their property would have been insured if respondents had been temporarily residing in the new residence. Even assuming the new residence was complete, despite the lack of running water and sewerage service, there is no doubt that the Kaubles were not occupying or temporarily residing in the new residence at the time of the burglary. To "occupy" means to "take up residence in". WEBSTER'S THIRD INTERNATIONAL DICTIONARY, 1561, 1931 (1976). Mr. Kauble even testified that he and Mrs. Kauble had not intended to move to the new residence until December 12, approximately nine days after the burglary. In fact, the night of December 27 was the first time they slept at the new residence.

The Kaubles had not taken up residence temporarily or otherwise in the new house at the time of the burglary, nor were they dwelling in it or using it as their settled abode. They had merely transferred their belongings from their old residence to the new one. The only conclusion that can be reached under these facts, is that the Kaubles' loss was not covered by their homeowners policy. The Kaubles' own evidence established that they had no right to recover under the provisions in the policy and therefore, the trial court erred in failing to direct the verdict for appellant. Any factual dispute concerning damages is inconsequential.

The judgment is reversed and the trial court directed to enter a judgment for MFA Mutual Insurance Company notwithstanding the verdict.

REINHARD, P.J., and CRIST, J., concur.