Dorothy Jane NIXON, Appellant,

v.

LIFE INVESTORS INSURANCE COMPANY OF AMERICA, Respondent.

No. WD 35154.

Missouri Court of Appeals, Western District.

Aug. 14, 1984.

Michael J. Gallagher, Mary E. Murphy, Wassberg, Gallagher & Jones, Kansas City, for appellant.

John E. Redmond, Kansas City, for respondent.

Before TURNAGE, C.J., and CLARK and NUGENT, JJ.

CLARK, Judge.

This is a suit on a group policy of medical insurance brought when respondent denied payment of appellant's claim for reimbursement of physician and hospital charges. The trial court directed a verdict for defendant at the close of plaintiff's evidence. The issue in the case is whether the plaintiff/appellant was entitled to have the question of policy coverage decided by the jury. Reversed and remanded.

Appellant, the proprietor of a business employing two other persons, negotiated the purchase from respondent of a group life and medical expense policy in June, 1978. In general, the policy undertook to pay certain hospital and doctor bills incurred by the insured on account of bodily injury or sickness and within stated limits. The policy was in full force and effect in 1981 when appellant was hospitalized for treatment of a malignant tumor of the right lung. As ultimately claimed in this suit, expenses from the hospitalization con-

tended to be recoverable by appellant amounted to $9,886.50.

Upon completion of the course of treatment, appellant presented her claim under the policy for reimbursement of the expenses incurred. The claim was timely and was otherwise in proper form. The respondent denied payment of the claim on the ground that the condition for which appellant had received treatment and for which the expenses had been incurred was excluded from coverage. In support of this position, the respondent then relied on and again reasserted at trial a special disability waiver rider attached to the policy which recited in part:

" * * * the insurance * * * for Dorothy Jane Nixon shall not cover ncr shall any payment be made for expense incurred for or any loss caused by or resulting from bronchitis or *any disease of the lungs* or respiratory tract or phlebitis, thrombophlebitis or any injury to or disorder of veins of the left leg." (Emphasis supplied.)

The basis for the directed verdict, granted on respondent's oral motion, was apparently the conclusion by the trial court that a malignant tumor located on a lobe of the lung is a "disease of the lungs" and that the language of the special disability rider conclusively barred any claim by appellant to benefits under the policy.

■ Appellant contends here that the trial court erred in directing a verdict for respondent and should have submitted the case to the jury because the burden was on respondent to plead and prove the applicability of the policy exclusion. This she says respondent did not do because the language of the policy exclusion was ambiguous and at a minimum, the jury issue was made on the question of whether cancer may be construed to be a disease of the lungs as the term was used in the insurance rider. We agree that the trial court erred in failing to submit the case to the jury.

The only evidence in this case was that offered by appellant. It consisted of appellant's own testimony and the documentary proof of the insurance contract and the medical bills. That evidence is viewed in the light most favorable to appellant for purposes of the motion for directed verdict and appellant is given the benefit of favorable inferences. *Boyle v. Colonial Life Insurance Co. of America*, 525 S.W.2d 811, 814 (Mo.App.1975). If there be any uncertainty under the evidence produced by appellant as to whether cancer is a disease of the lung, then appellant was entitled to have the jury resolve that question.

According to plaintiff's evidence, her medical history prior to 1978 when the subject policy was issued included a mild bronchial condition, an occasional "coughing cold" and varicose veins of the left leg. She had never been hospitalized for treatment of a lung condition and had no history of cancer. When negotiating with respondent's agent for purchase of the insurance, appellant was told she would not be covered for expenses caused by bronchitis, apparently because of her medical history, and also would not be covered for other diseases of the lung such as pneumonia and emphysema. The policy rider contained the added provision that the company would consider removal of the special disability rider after one year with an acceptable medical report. No such medical report was supplied by appellant because, as she understood what the agent told her, the rider would automatically be eliminated by the company after one year. Appellant suffered no incident of a lung related illness from 1978 to 1981 when the cancer was first diagnosed.

Appellant unquestionably made a prima facie case by proof of the policy and of a loss sustained within the general scope of insured perils. As to the exclusion, the evidence was limited to proof that the rider existed as part of the contract. There was no evidence to show what medical significance, if any, is attributable to the phrase "diseases of the lungs" and no evidence that the words were intended to convey or have any commonly understood meaning. There was also no evidence, apart from the

content of the exclusionary rider itself, upon which to decide that a thoracic tumor which invades a lung is a disease of the lungs.

Evidence tending to cast doubt on the applicability of the exclusion to this particular claim was substantial and suggested that neither party to the contract understood the rider to provide a benefit disqualification as subsequently asserted by respondent. According to appellant's evidence, she had no prior history of cancer, assumed the policy covered that disease if it occurred and was not told otherwise. The sales agent for the company explained the special disability rider to appellant when he delivered the policy. He told her she would not be covered for lung diseases such as bronchitis, pneumonia and emphysema but that the rider would be removed after one year if she had no recurrence of a lung ailment. At a minimum, the evidence demonstrated that under the circumstances of this case, the policy term "diseases of the lungs" could be construed in more than one way when policy coverage is in issue.

The general rule in insurance cases is that plaintiff makes a prima facie case of coverage by establishing issuance and delivery of the insurance policy, payment of the premium, a loss caused by a peril insured against, notice of loss and proof of the loss given to the insurer as the policy requires. *Kauble v. MFA Mutual Insurance Co.*, 637 S.W.2d 831, 832 (Mo. App.1982). When the insurer relies on an exclusion in the insurance contract as the ground to deny a claim, the burden is on the insurer to establish that the loss is within the policy exclusion and a motion for a directed verdict in favor of the insurer may not be sustained unless the plaintiff in its own evidence has established the exclusion. *Grossman Iron & Steel Co. v. Bituminous Casualty Corp.*, 558 S.W.2d 255, 260 (Mo.App.1977). Once the plaintiff has established a prima facie case, the general rule is that the case may not be taken from the jury because the plaintiff has the right to have the jury pass on the credibility of defendant's witnesses and the weight of their testimony. *Boyle v. Colonial Life Insurance Co. of America, supra.*

The language of a contract is ambiguous when there is doubt or uncertainty as to its meaning and it is fairly susceptible of two interpretations. In an insurance policy, ambiguity arises when there is duplicity, indistinctness or uncertainty of meaning. *English v. Old American Insurance Co.*, 426 S.W.2d 33, 36 (Mo. 1968). When the language of an insurance policy is reasonably and fairly open to different constructions it is ambiguous. To determine what meaning was intended, the ambiguous phrase is not considered in isolation but by reading the policy as a whole with reference to associated words. *First National Bank of Malden v. Farmers New World Life Insurance Co.*, 455 S.W.2d 517, 522-23 (Mo.App.1970). Insurance policies are to be given a reasonable construction and interpreted so as to afford coverage rather than to defeat coverage. *Insurance Company of Pennsylvania v. West Plains Air, Inc.*, 637 S.W.2d 444, 446 (Mo.App.1982). Insofar as an insurance policy is open to different constructions, that most favorable to the insured must be adopted. *Heshion Motors, Inc. v. Western International Hotels*, 600 S.W.2d 526, 538 (Mo.App.1980).

It is common knowledge among lay persons that cancer is a condition which may affect many if not all organs of the body. It's incidence is certainly not limited to the lungs. In contrast to cancer, the disease of bronchitis mentioned in the subject rider affects only the lungs. The other conditions mentioned to appellant by the agent, pneumonia and emphysema, are also characterized by their association only with the lungs and respiratory tract. Indeed, the medical history of appellant and the content of the rider suggest that the clause was particularly drafted by respondent to exclude from policy coverage those conditions appellant had experienced and related ailments traceable to similar origins.

Taking as we must for review of the directed verdict appellant's favorable evidence and inferences, it is apparent the

facts and circumstances of the case demonstrate that the language of the special disability rider is reasonably subject to more than one interpretation. Construed in the manner understood by appellant, the exclusion does not bar the claim. The bare language of the exclusion does not conclusively show the construction of the rider urged by appellant is untenable but, to the contrary, that construction appears to be the more plausible on the evidence adduced. Whether that was to be the construction, however, was for the jury to decide. It was error for the trial court to deny appellant the submission.

The judgment is reversed and the case is remanded for a new trial.

NUGENT, J. concurs.

TURNAGE, C.J., dissents in separate opinion.

TURNAGE, Chief Judge, dissenting.

I cannot agree that the language used in the special disability rider is ambiguous requiring the question of the meaning of the exclusion to be submitted to a jury.

The majority opinion clearly illustrates that the finding of ambiguity springs from the evidence rather than from the language employed. This is manifest from the majority's statement that "(i)f there be any uncertainty under the evidence produced by appellant as to whether cancer is a disease of the lung, then appellant was entitled to have the jury resolve that question." The majority also states "(a)t a minimum, the evidence demonstrated that under the circumstances of this case, the policy term 'diseases of the lungs' could be construed in more than one way when policy coverage is in issue." Finally, the majority concludes by stating "(t)aking as we must for review of the directed verdict appellant's favorable evidence and inferences, it is apparent the facts and circumstances of the case demonstrate that the language of the special disability rider is reasonably subject to more than one interpretation."

It is well settled that ambiguity, such that should be submitted to a jury for determination of its meaning, must be found from the language used and not from extrinsic evidence. This was stated in *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club,* 491 S.W.2d 261, 264[1–4] (Mo. banc 1973):

> A court will not resort to construction where the intent of the parties is expressed in clear and unambiguous language for there is nothing to construe. *Mickelberry's Food Products Co. v. Haeussermann,* Mo.Sup., 247 S.W.2d 731[5]. It is only where the contract is ambiguous and not clear that resort to extrinsic evidence is proper to resolve the ambiguity.

The court also stated that "where there is no ambiguity in a contract the intention of the parties is to be gathered from it and it alone, and it becomes the duty of the court and not the jury to state its clear meaning." *Id.* at 264[1–4]. The court added that a contract is not rendered ambiguous by the fact that the parties do not agree upon its meaning. A contract is ambiguous only when it is reasonably susceptible of different constructions. *Id.* at 264[5–8].

Applying these rules to the facts in this case it is clear that ambiguity must be found within the words "or any disease of the lungs." This determination is to be made from the language used and not with reference to testimony adduced in the case. No one suggests in what way the language "or any disease of the lungs" is ambiguous or susceptible of different constructions. The language is straightforward and clearly means that the policy excludes payment for expense incurred for any loss caused by any disease of the lungs. No one contends that cancer is not a disease and it is conceded that in this case the cancer was located in the lung. Therefore, the only question to be resolved is whether or not cancer of the lung is a disease of the lung. The answer is obvious.

I would hold that the language in the special disability rider is plain and unambiguous and for that reason the court cor-

rectly directed a verdict because cancer of the lung clearly falls within the exception.