**Jackie Edward POKE,
Plaintiff–Appellant,**

v.

**ATLAS MUTUAL INSURANCE COMPA-
NY, Defendant–Respondent.**

**No. 54646.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 15, 1988.

Lawrence O. Willbrand, St. Louis, for plaintiff-appellant.

Sanford Goffstein, Dana D. Eilers, Weiss, Goffstein, Kraus, Seigel & Sherman, St. Louis, for defendant-respondent.

CRANDALL, Presiding Judge.

Plaintiff, Jackie Edward Poke, brought an action against defendant, Atlas Mutual Insurance Company, for a loss arising out of the theft of plaintiff's automobile. The trial court directed a verdict in favor of defendant at the close of all the evidence based upon an exclusion in the insurance policy. Plaintiff appeals from the judgment entered in favor of defendant pursuant to the directed verdict. We reverse and remand.

Plaintiff purchased automobile insurance for his 1976 Oldsmobile from defendant in August 1986. A rider was placed on this policy specifically excluding loss, damage, and/or liability coverage caused while Keith Cobb was driving or operating the vehicle. On November 9, 1986, plaintiff purchased another automobile, a 1981 Oldsmobile. Plaintiff testified that defendant issued plaintiff a new automobile insurance policy on the 1981 Oldsmobile. He also testified that the exclusion was not a part of the insurance policy on the 1981 Oldsmobile.

Plaintiff gave the keys to the 1981 Oldsmobile to Keith Cobb on November 17, 1986. Plaintiff reported the car stolen on November 25, 1986. He testified that Keith Cobb was the last person known to have driven the 1981 car before it was stolen. The police recovered the damaged car later in the day on November 25, 1986. Defendant refused plaintiff's demand for payment of his loss.

On appeal, plaintiff contends that the trial court erred in directing a verdict for defendant. He claims the question of whether the exclusion was part of the policy was a fact issue to be resolved by a jury. The record before us is unclear regarding the applicability of the exclusion to the insurance policy covering the 1981 Oldsmobile. Because we reverse on other grounds, we will assume arguendo that the exclusion applied to the insurance policy covering the 1981 Oldsmobile.

We turn then to plaintiff's second claim of error. Plaintiff argues that the evidence adduced did not trigger the exclusion. The exclusion provides:

[T]he Company shall not be liable for loss, damage, and/or liability caused while the automobile described in the policy or any covered automobile to which the terms of the policy are extended is being *driven or operated* by the following named person:

Keith Cobb

(emphasis added).

Insurance policies are to be given a reasonable construction and interpreted to afford coverage rather than to defeat coverage. *Insurance Company Of the State Of Pennsylvania v. West Plains Air, Inc.*, 637 S.W.2d 444, 446 (Mo.App.1982). For the purpose of interpreting the policy we give the terms "driving and operating" their plain meaning, particularly because there is no definition of the terms in the policy. *See Adams v. Julius*, 719 S.W.2d 94, 100 (Mo.App.1986). Thus, plaintiff would not be covered for any loss, damage, and/or liability caused while Keith Cobb was *driving or operating* the car. We note that the exclusion did not exclude coverage when the automobile was "in the control of" or "in the custody of" Keith Cobb as defendant pleaded in its affirmative defense.

When the insurer relies on an exclusion in the insurance contract as the ground to deny a claim, the burden is on the insurer to establish that the loss is within the policy exclusion. *Nixon v. Life Investors Insurance Company America*, 675 S.W.2d 676, 679 (Mo.App.1984). Here, defendant relies on the inference that because Keith Cobb was given the keys to the 1981 Oldsmobile on November 17, 1986, therefore he was driving or operating the 1981 Oldsmobile when it was stolen. That inference is simply not mandated by the evidence. Automobiles are rarely stolen while being driven or operated. At most there is an issue of fact for the jury to decide. We

therefore hold that the trial court erred in directing a verdict in favor of defendant.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

REINHARD and CRIST, JJ., concur.