CONTINENTAL INSURANCE
COMPANY, Appellant,

v.

Chris JAECQUES, Tammy Jaecques,
Richard E. Jaecques, and Shelter
Insurance Companies, Respondents.

No. WD 42011.

Missouri Court of Appeals,
Western District.

Jan. 16, 1990.

Susan Ford Robertson, David A. Oliver, Columbia, for appellant, cross appellant.

David C. Mobley, Moberly, for respondents.

Before LOWENSTEIN, P.J., and
KENNEDY and GAITAN, JJ.

GAITAN, Judge.

Appellant, Continental Insurance Company, appeals a determination in a declaratory action that respondent Chris Jaecques' injuries are covered under its policy covering farm operations instead of the automobile policy provided by Shelter Insurance Company (respondent and cross-appellant). We reverse.

The plaintiffs/respondents, herein, Chris Jaecques and Tammy Jaecques filed suit against Richard Jaecques (Chris's father) in the Circuit Court of Randolph County, Missouri. They allege that Chris Jaecques was injured on July 24, 1986, when defendant Richard Jaecques intended to move a large water barrel to another location by means of loading it into the back end of a 1961 Ford truck owned by defendant. Defendant Richard Jaecques attached a chain and hook to the water barrel and began lifting the water barrel. The chain and hook were attached to a tractor owned by defendant Richard Jaecques. After the water barrel was hoisted into the air, the chain and hook supporting the water barrel gave way, having become detached from the water barrel, and the water barrel fell on Chris Jaecques. The water barrel was empty at the time of the accident.

On the day of this accident, Richard Jaecques intended to begin spraying Basagran on his crops on his 400 acre farm. The water needed in the spraying operation was most always transported to the spraying site by means of a 1,500 gallon water barrel owned by Richard Jaecques. The water was then mixed in a 200 gallon container along with the Basagran chemicals. The 1,500 gallon water barrel was used

exclusively to haul water to spraying site operations. The 1961 Ford truck had a farm license and was primarily used to haul grain and to haul the 1,500 gallong water barrel. When hauling grain, the truck was loaded by either an auger and scoop shovel or was loaded directly in the fields.

The log chain was attached to a stinger that was attached to a front end loader that was attached to the tractor. Defendant, Richard Jaecques, owned all of these items. At the time of the accident, the tractor was in a stationary position with the brakes on. The truck was also stopped with its brakes on. At the time of the accident, the stinger and front end loader were attached properly to the tractor and the equipment was operating correctly.

Chris Jaecques had helped his father in this phase of the spraying operation many times, but they had never run into a problem where the barrel did not clear the bed of the truck.

Richard Jaecques bought his Continental policy from the P.K. Weis Agency in Moberly. He had had insurance with Continental anywhere from 6 to 10 years.

Chris Jaecques often helped Richard Jaecques on his farm, and Richard Jaecques often helped Chris Jaecques on his farm. Neither Chris Jaecques nor Richard Jaecques kept records of how often they helped each other. Richard Jaecques has never paid Chris Jaecques for his help nor has Chris Jaecques ever paid Richard Jaecques for his help.

Both Shelter Mutual Insurance Company and Continental Insurance Company are asking this Court to reverse the judgment of the trial court and enter a judgment in their favor declaring there to be no coverage based on exclusions in their respective policies.

The burden of proof is on the insurer to establish that the loss falls within the exclusion. *Poke v. Atlas Mutual Insurance Company*, 760 S.W.2d 192, 193 (Mo.App. 1988).

In regard to the Shelter Mutual Insurance Company policy, the exclusion it relies upon is as follows: "Coverages A and B do not apply to:

(d) Bodily injury or property damage arising out of the operation of farm machinery." Shelter takes the position that the tractor was used to load the water barrel onto this truck and that the tractor is farm equipment.

The evidence establishes that Chris Jaecques' injuries arose from the negligence of Richard Jaecques in using a defective chain and in failing to properly secure the chain and 1,500 gallon barrel. Specifically, the injury arose when the log chain failed while loading the barrel onto the truck.

Shelter further contends that its exclusion was "clearly written and was in no way ambigious [sic]." Relying on *Spotts v. City of Kansas City*, 728 S.W.2d 242, 251 (Mo.App.1987), Shelter states that this Court must give the exclusion its plain meaning because the language in the exclusion is plain and unambiguous.

If language is open to different constructions, the interpretation most favorable to the insured must be used. *Katz Drug Co. v. Commercial Standard Insurance Co.*, 647 S.W.2d 831, 835 (Mo.App.1983).

Ambiguities in a policy are resolved in favor of the insured. *Shelter Mutual Insurance Co. v. Brooks*, 693 S.W.2d 810 (Mo.banc 1985).

Shelter's policy specifically indicates that it provides coverage if injuries occur while the insured vehicle is being loaded.

The two-ton truck insured by Shelter was used exclusively to haul either grain or the water barrel. Inherent in the use of the truck when hauling either grain or the water barrel is the fact that the truck must be loaded. In the case of grain, the truck is loaded either directly from the combine in the field or by means of an auger when the grain is in storage bins. When hauling the water barrel, the tractor was used to hoist the water barrel onto the truck.

If the argument presented by Shelter is followed, anytime an injury occurs during the loading process, then their exclusion would negate coverage because Shelter would argue that the plain meaning of

farm machinery would include practically anything used on the farm notwithstanding the fact that this equipment was being used to load the vehicle and not technically to farm the land. In fact, any acts including driving the truck while hauling grain on the farm could be concluded to be operating farm equipment. Yet, counsel for Shelter admitted the truck was not farm equipment.

The plain meaning of the phrase "farm machinery" does not include a log chain, nor does it include a tractor used to load the truck.

■ The operative word in Continentals' loading and unloading exclusion is that the injuries must "result" from the loading or unloading of the two-ton truck. In its brief, Continental relies on the case of *American Family Mutual Insurance v. Shelter Mutual Insurance*, 747 S.W.2d 174 (Mo.App.1988), to support its contention that the exclusion is operative in denying coverage. We agree.

In *American Family*, Gerhard Shillers was helping James Lee Loethen carry an automobile transmission down a driveway to a body shop located on the Loethens' residence. The transmission had been stored and moved from the bed of a pickup truck owned by James E. and Leona Loethen. The transmission had been carried approximately 20–35 feet down the driveway when Mr. Schillers fell to the ground. The transmission fell on his hand, crushing his hand and severing his little finger. *American Family*, 747 S.W.2d at 175. James Lee Loethen's American Family homeowners' policy excluded coverage for bodily injury *"arising out of"* the ownership, entrustment, maintenance, operation, use, loading or unloading of ... any type of motor vehicle.

James Lee Loethen's Shelter automobile policy insured for liability arising out of the use of the pickup in which the transmission had been stored.

This court found that the Shelter policy provided coverage for the accident and that the American Family homeowner's policy did not apply.

In finding that Shelter's policy provided coverage, the court stated that the appropriate test to be applied is:

whether the negligent act and resulting injury was a natural and reasonable incident or consequence of the use of the truck for the purposes shown by the declarations, though not foreseen or expected; and whether, after the negligent acts and injury were complete, it was possible to trace the negligent acts and resulting injury as reasonably incident to and closely connected with, the use of the truck for the purposes shown in the declarations in the policy.

*American Family*, 747 S.W.2d at 177.

The court further stated that there is nothing in the policy "requiring that the unloading activity be the direct and proximate cause of an injury in order for there to be coverage." *American Family*, 747 S.W.2d at 178.

The *American Family* homeowner's policy excluded coverage for injury "arising out of" the ownership, entrustment, maintenance, operation, use, loading or unloading of the motor vehicle. While here the language may be different, the meaning is the same. The Continental Insurance policy exclusion excludes coverage for bodily injury that "results" from the ownership, maintenance, use, loading or unloading of a motor vehicle.

But for Chris Jaecques' attempt to load a water barrel onto the truck, he would not have suffered the injuries for which he seeks relief. His injuries resulted from the failure of the log chain. Richard Jaecques testified unequivocally that if the chain had not slipped, the barrel would not have fallen on Chris Jaecques. However, this whole process was generated because of the need to load the barrel onto the truck.

The judgment of the trial court is reversed as it relates to Continental Insurance Company. Shelter Insurance Company has the sole responsibility to defend Richard E. Jaecques for injuries sustained by Chris and Tammy Jaecques under the provision of its policy. Further, costs here-

in will be assessed against Shelter Insurance Company.

All concur.