■ BENN R. ECKSTEIN, Respondent, v MONARCH LIFE INSURANCE COMPANY, Appellant. — Order, Appellate Term (Hughes, Riccobono, Asch, JJ.), entered June 3, 1980, affirming an order of the Civil Court, New York County (Stadtmauer, J.), which granted plaintiff-respondent's motion for summary judgment on the issue of liability and ordered an assessment of damages, reversed, on the law, plaintiff's motion denied and defendant-appellant's cross motion for summary judgment granted, without costs. This is an action on a major medical policy of insurance issued to plaintiff by defendant, which provides in pertinent part as follows: "MONARCH LIFE INSURANCE COMPANY * * * HEREBY INSURES against loss resulting from SICKNESS of the Insured or any Covered Dependent contracted and commencing while this policy is in force with respect thereto, hereinafter called 'such sickness' * * * PART 1. DEFINITIONS Wherever used in this policy * * * 'Period of treatment' means any period commencing while this insurance is in force during which a covered person as a result of such sickness * * * is under the care and attention of a physican * * * PART 2. BENEFITS PAYABLE FOR EXPENSES OF TREATMENT If a covered person incurs Eligible Expenses as hereinafter defined during a period of treatment and if these Eligible Expenses exceed the Deductible specified in the Policy Schedule, the Company will pay the amount by which these Eligible Expenses exceed the Deductible, provided that the total amount payable on account of any covered person for any one period of treatment will not exceed the Expenses of Treatment Maximum specified in the Policy Schedule". Defendant company made payments under the policy, pursuant to claims filed by plaintiff, for reimbursement of expenses incurred in connection with several hospitalizations and related medical care. Treatment of plaintiff commenced with the care of a heart condition and, while that period of treatment continued, he received treatment concurrently for Parkinson's disease, diabetes and for an enlarged prostate. Plaintiff sought and received full reimbursement, not subject to separate deductibles, for expenses incurred for treatment of these conditions, until the maximum benefit allowable for one period of treatment ($13,750) was reached. Defendant then declined to make further payment. Plaintiff's position is not that the treatment of one condition was completed before the treatment of the next commenced. It is conceded that while he was being treated for a heart condition he incurred Parkinson's disease, etc. His position is that "a new period of treatment arises with each new sickness and, therefore, a new maximum", because the word "sickness" is in the singular and the normal interpretation of the word "sickness" denotes a specific "single ailment". Special Term found that the language of the policy is unclear and ambiguous as to the terms "sickness" and "period of treatment", so that the

interpretation which must be adopted was the one most favorable to the insured. It therefore held for plaintiff. We do not find that language to be unclear and ambiguous. The policy is written on a "loss" basis. That is, it does not insure against "sickness" per se, but against "loss" (i.e., medical expenses) resulting from sickness, and is so stated simply and clearly. The "sickness" to which plaintiff repeatedly refers as being in the singular and as referring to each separate condition is modified by the first use of the term in the policy, which quite clearly refers to its generic rather than its particular sense. "Sickness" is thus defined as "the condition of being ill: ill health: illness" (Webster's Third New International Dictionary of the English Language Unabridged [Merriam-Webster, 1963]). We therefore hold it to be clear on the face of the policy that the onset of several separate "sicknesses" or conditions almost simultaneously, so that they are treated concurrently, does not give rise to separate "periods of treatment" for the purposes of establishing separate maximum benefits with separate deductibles for each concurrent condition. Concur — Murphy, P. J., Sullivan and Carro, JJ.

Kupferman and Markewich, JJ., dissent in a memorandum by Markewich, J., as follows: We would affirm the order of Appellate Term (Hughes, Riccobono, Asch, JJ.), which affirmed the grant by Civil Court (Stadtmauer, J.) of summary judgment to plaintiff-respondent on the issue of liability under a major medical policy issued by defendant-appellant. Defendant's policy fixes a maximum payment for each "period of treatment." "Part I DEFINITIONS" reads in pertinent part: " 'Period of treatment' means any period commencing while this insurance is in force during which a covered person, as a result of such sickness or such injuries, is under the care and attention of a physician". The policy goes on to provide a maximum sum payable for major medical benefits in any one period of treatment, less a deductible sum. Plaintiff was beset with a series of maladies in overlapping succession, ranging from a heart ailment, through Parkinson's disease, then diabetes, and finally a prostatectomy, all unrelated illnesses, and for which plaintiff made separate claims, less a deductible for each. Defendant insurer, subtracting only one deductible for all four illnesses, paid him up to one maximum payment, less than his expenses for the four illnesses, claiming that there had been only one "period of treatment." Defendant read the policy as though it covered in one swoop all illness of whatever nature within one time frame,[*] whereas plaintiff's interpretation was that it referred to the duration of any particular ailment for which treatment had been given, and for which medical expenditures had been made. There is, at best, as much to say for one reading as for the other, the problem being one of ambiguity, and therefore to be resolved against the draftsman, here the defendant. The latest word on this subject is found in *Danzig v Dikman* (53 NY2d 926, 927): "[t]he failure of the insurer to make unmistakably explicit provision in this policy *** creates an ambiguity which under familiar principles of construction is to be resolved against the insurer." (See, also, *Goldfarb v Blue Cross & Blue Shield of Greater N.Y.*, 53 NY2d 928, affd on authority of *Danzig, supra.*)' Our brothers of the majority devote much attention to the argument that the coverage afforded by the policy is on a "loss basis." Of course! Such is the hallmark of every major medical policy. But this preoccupation with words does not take into account that plaintiff's actual out-of-pocket expense, i.e., his loss for each period of treatment, is greater than the maximum sum to which defendant would limit

---

* The exact language of the rejection: "Your policy refers to a period of treatment and not to any one specific illness, and as you have been under a continuing period of treatment for various illnesses since this claim began for your heart condition on November 3, 1975, we have processed these expenses as one continuing claim."

him. That is what this suit is all about — not the words, but their impact in terms of loss. The judgment on liability should be affirmed.

