Jeffrey **HUSCH**, a minor by his next friend, John **HUSCH**, his natural parent, **Plaintiff–Appellant**,

v.

**NATIONWIDE MUTUAL FIRE INSURANCE CO., Defendant–Respondent.**

No. 55052.

Missouri Court of Appeals,
Eastern District,
Division One.

April 18, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 23, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Alan S. Mandel, Brian Fellows, St. Louis, for plaintiff-appellant.

Russell F. Watters, Robert W. Cockerham, St. Louis, for defendant-respondent.

REINHARD, Judge.

Plaintiff appeals from a declaratory judgment entered in favor of defendant. We reverse and remand.

Plaintiff was struck by an uninsured or hit and run driver and sustained damages in excess of $50,000. Plaintiff is covered under the uninsured motorist provisions of an automobile insurance policy issued by defendant to plaintiff's father. Two autos are insured by the policy, the declarations of which provide the minimum amount of uninsured motorist coverage required by § 303.030 (all statutory references are to RSMo 1986): $25,000 for each person and $50,000 for each accident. Covered under the uninsured motorist provisions are the policy holder (plaintiff's father), the policyholder's spouse, relatives and occupants.

The policy provides:

2. Limits apply as stated in the Declarations. The insuring of more than one person or vehicle under this policy does not increase our Uninsured Motorist payment limits. In no event will any insured be entitled to more than the highest limit applicable to any one motor vehicle under this policy. This condition does not apply to you.

The policy defines "you" as the policyholder named in the declarations and the policyholder's spouse. An "insured" is defined as the "persons ... specifically indicated as entitled to protection under the coverage being described." Finally, a "relative" is defined as "one who regularly lives in your household, related to you by blood, marriage or adoption."

Plaintiff through his father as next friend made a claim under the policy and defendant tendered $25,000. Plaintiff made a claim for an additional $25,000, arguing that he is entitled to the uninsured motorist coverage for each of the automobiles insured by the policy, i.e. that he is entitled to "stack" the coverages. When defendant denied coverage for the additional $25,000, plaintiff filed his petition. Defendant counterclaimed for a declaratory judgment limiting its liability to the amount tendered. The facts were stipulated and the legal issue submitted. The court entered judgment for defendant, finding that neither the terms of the insurance policy nor public policy entitled plaintiff to stack the coverages.

We must affirm the trial court's judgment unless it is unsupported by substantial evidence, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The terms of the insurance policy are unambiguous in limiting those who are entitled to stack the uninsured motorist coverage to the policyholder and his spouse. Thus the question in this case is whether the prohibition against stacking as applied to plaintiff violates the policy enunciated in § 379.203.[1]

In *Cameron Mutual Insurance Co. v. Madden*, 533 S.W.2d 538 (Mo. banc 1976),

---

1. This section provides in pertinent part:

1. No automobile liability insurance covering liability arising out of the ownership,

our Supreme Court held that the "public policy expressed in § 379.203 prohibits the insurer from limiting an insured to only one of the uninsured motorist coverages provided by a policy" under which two autos are insured. *Id.* at 544,545. "Cases should not and will not turn on how well the insurer drafts a limiting clause because the law does not permit insurers to collect a premium for certain coverage, then take that coverage away by such a clause no matter how clear or unambiguous it may be." *Id.* at 544 (*quoting Great Central Insurance Co. v. Edge*, 292 Ala. 613, 298 So.2d 607 (1974)).

Subsequently, however, the court held that one who is covered by an uninsured motorist policy solely by virtue of their occupancy in an insured auto is not entitled to stack the owner's coverage on two autos. *Hines v. Government Employees Insurance Co.*, 656 S.W.2d 262, 265 (Mo. banc 1983).

The distinction between the two cases is that *Cameron* involved a "named" insured, while *Hines* involved an "occupancy" insured. *Shepherd v. American States Insurance Co.*, 671 S.W.2d 777, 779 (Mo. banc 1984). The case at bar involves neither; plaintiff's claim here is that he is covered because he is a minor child of the insured living in the insured's home. No Missouri case has addressed whether one such as plaintiff is entitled to stack the uninsured motorist coverage.[2]

We believe that the public policy which prohibits the insurer from limiting an insured to only one of the uninsured motorist coverages provided by a policy under which two autos are insured also operates to prohibit such a limitation as to a spouse or minor children living in the insured's home.

Thus the coverage on both autos is available to plaintiff.

A common thread running through the cases involving uninsured motorist protection is that persons are allowed to stack coverages for two autos provided that to do so is consistent with the policyholder's reasonable expectations. In *Cameron*, the person seeking to stack was the policyholder's wife. In *Tucker v. Government Employee Insurance Co.*, 288 So.2d 238 (Fla. 1973), the case primarily relied on by the court in *Cameron*, it was the policyholder's daughter. With Judge Snyder speaking for our court we adopted the view that "[t]he objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even through painstaking study of the policy provisions would have negated those expectations." *Linderer v. Royal Globe Insurance Co.*, 597 S.W.2d 656, 661 (Mo.App.1980) (quoting R. Keeton, Basic Text on Insurance Law § 6.3(a)); *see also Estrin Construction Co. v. Aetna Casualty and Surety Co.*, 612 S.W.2d 413 (Mo.App.1981).

When purchasing uninsured motorist coverage, policyholders are primarily concerned with protecting themselves, their spouses, and their minor children, i.e. the natural family unit. Minor children are unable to insure themselves and thus provide financial protection against disabling injuries. Parents have support obligations for their children during minority, and this obligation continues in some instances for disabled children. *See Lieberman v. Lieberman*, 517 S.W.2d 478, 480 (Mo.App. 1974). For these reasons, we believe a policyholder would reasonably expect his minor children to be entitled to the same

---

maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits for bodily injury or death set forth in section 303.030, RSMo, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

**2.** Defendant argues, relying on *Famuliner v. Farmers Insurance Co.*, 619 S.W.2d 894 (Mo. App.1981) that the law does not require uninsured motorist coverage be provided for relatives, and that plaintiff is not therefore entitled to stack the two coverages. We do not read *Famuliner* so broadly, and agree with Justice Billings when he stated, "*Famuliner* held that where an individual lacked status as an insured, named or otherwise, under the primary coverage of the policy, there was no uninsured motorist coverage for that individual." *Shepherd*, 671 S.W.2d at 780.

uninsured motorist coverage which he is. *See Linderer,* 597 S.W.2d at 661; *See also* Comment, Stacking of Uninsured Motorist Coverage, 49 Mo.L.Rev. 571, 591 (1984).

Our conclusion that plaintiff is entitled to stack the insurance coverage on both of his father's automobiles naturally follows from *Cameron,* and is consistent with *Hines.* In holding the *Cameron* decision inapplicable to occupants, the court in *Hines* emphasized that the coverage for the named insured, unlike that for occupants, "is not dependent on presence in an insured vehicle at the time of an accident ..., but is also applicable if the named insured is a pedestrian, or is riding in someone else's automobile." *Hines,* 656 S.W.2d at 265. In this respect, the coverage for a named insured is identical to that for plaintiff in the case at bar, who, under the terms of the policy is protected (and was in fact injured) while a pedestrian. Moreover, the reasonable expectations of the policyholder as to his minor children are much greater than those of occupants. As discussed above, policyholders in purchasing uninsured motorist protection are concerned with protecting themselves, their spouses and their minor children. An occupant's coverage, on the other hand, results solely by virtue of his occupancy in an insured vehicle; consequently his reasonable expectation as to coverage is much less. *Linderer,* 597 S.W.2d at 661, *see also* Comment, Stacking of Uninsured Motorist Coverage, 49 Mo.L.Rev. 571, 591 (1984).

Accordingly, we conclude the prohibition of stacking by the policyholder's minor children in defendant's policy is contrary to § 379.203 and invalid. Plaintiff is entitled to stack the uninsured motorist coverage on each of his father's autos. We therefore reverse and remand the case with directions to enter a judgment consistent with this opinion.

Reversed and remanded.

CRANDALL, P.J., and CRIST, J., concur.