Sophia Trapp NABIL, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Respondent.

No. WD 48721.

Missouri Court of Appeals, Western District.

May 24, 1994.

David Q. Reed, Kansas City, for appellant.

Russell Charles Ashley, Kansas City, for respondent.

Before TURNAGE, P.J., and FENNER and SPINDEN, JJ.

FENNER, Judge.

Appellant, Sophia Trapp Nabil, appeals the judgment of the trial court in favor of respondent, State Farm Mutual Automobile Insurance Company (State Farm).

Nabil filed suit against State Farm seeking to reach insurance money and apply it to satisfaction of a judgment under section 379.-195, RSMo 1986, and section 379.200, RSMo Supp. 1993.[1] The judgment for which Nabil sought satisfaction was in the amount of $75,-000 against Kevin M. Tschirhart for personal injuries sustained by Nabil in an automobile accident. At the time of the accident, Nabil was a passenger in a 1965 Dodge Coronet automobile driven by Kevin Tschirhart.

Kevin Tschirhart is the son of Mary J. Copeland who, at the time of the accident, was married to Ralph R. Copeland. At the time of the accident, Kevin Tschirhart resided with Mary and Ralph Copeland. Furthermore, at that time Mary and Ralph Copeland had a policy of automobile liability insurance with State Farm. The policy had a limit of liability for bodily injury in the amount of $50,000 per person and a limit of liability of $5,000 for medical payments coverage.

The Dodge automobile driven by Kevin Tschirhart was his own vehicle and he had acquired it a few days before the accident. Mary and Ralph Copeland, who had no interest in the Dodge automobile, were insured by State Farm in a policy covering a Ford Mustang that they owned. Kevin Tschirhart was insured under the State Farm policy while operating the Mustang with the consent of the Copelands.

Mary and Ralph Copeland's policy of insurance with State Farm included coverage for newly acquired cars owned by them but specifically excluded such coverage for cars not owned by them.

Accordingly, the trial court found that State Farm was not liable for coverage on the Dodge owned by Kevin Tschirhart.

■ In her sole point on appeal, Nabil argues that the trial court erred by failing to find coverage under the State Farm policy. Nabil argues that regardless of the fact that there was a limitations of coverage clause under the State Farm policy which would exclude coverage for the Dodge as a newly acquired car not owned by Mary and Ralph Copeland, enforcement of said clause was against the reasonable expectations of a lay policy holder.

In support of her position on appeal, Nabil argues that the principle of "reasonable expectations" as set forth in *Tegtmeyer v. Snellen,* 791 S.W.2d 737 (Mo.App.1990), and *Husch By Husch v. Nationwide Mutual Fire Insurance Co.,* 772 S.W.2d 692 (Mo.App. 1989), should be applied to the circumstances of the case at bar.

■ The principal of reasonable expectations provides that the "objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." *Tegtmeyer,* 791 S.W.2d at 740 (citations omitted). This principal has been applied, absent ambiguity under the terms of an insurance contract, to find uninsured motorist coverage and to stack uninsured motorist coverage for the direct benefit of policy holders and their minor children based upon the public policy of Missouri, requiring uninsured motorist

1. Section 379.200 was amended in 1991 to provide that it did not apply to any insurance company in liquidation. Otherwise, the terms of the statute remained the same. The amendment is not relevant to this cause.

coverage, as expressed in section 379.203, RSMo 1986. *See, e.g., Tegtmeyer,* 791 S.W.2d at 741; *Husch,* 772 S.W.2d at 695.

It has been held that the public policy expressed in section 379.203, which requires uninsured motorist coverage for the protection of injured insureds, also prohibits an insurer from limiting an insured to only one of the uninsured motorist coverages provided either by 1) two separate policies (*Galloway v. Farmers Insurance Company, Inc.,* 523 S.W.2d 339, 343 (Mo.App.1975)), or 2) a single policy under which two autos are insured (*Husch,* 772 S.W.2d at 694). The same expression of public policy under section 379.-203 has also been found to prohibit such a limitation of stacking of uninsured motorist benefits for injury to a spouse or minor children living in the insured's home. *Husch,* 772 S.W.2d at 694.

The cases upon which appellant relies, *Tegtmeyer* and *Husch,* apply a "reasonable expectations" analysis to interpret otherwise unambiguous policies of insurance. These cases are founded upon the public policy requirement of uninsured motorist protection for the direct benefit of the insureds under section 379.203. Consistent with section 379.203, *Tegtmeyer* and *Husch* deal with uninsured motorist coverage for the direct benefit of the insureds or their minor children. The case at bar is distinguishable because the coverage sought here was for the benefit of a third party who was a passenger in a newly acquired automobile owned by someone other than the policy holder. Furthermore, the vehicle in question in the case at bar was specifically excluded from coverage.

The public policy requirements in regard to uninsured motorists are not applicable here. There is no public policy in Missouri to provide coverage for bodily injury to a third party who was a passenger in a newly acquired automobile owned by a person living in the home of the policy holders where such coverage is specifically excluded under the terms of the insurance policy. The public policy of Missouri does not require that several cars be allowed coverage, in a given household, under a single policy of insurance under circumstances such as those presented

hereon. *See Schuster v. Shelter Mutual Ins. Co.,* 857 S.W.2d 381, 385 (Mo.App.1993).

If a policy is unambiguous it will be enforced as written absent a statute or public policy requiring coverage. *Krenski v. Aubuchon,* 841 S.W.2d 721, 729 (Mo.App.1992). Absent such statutory or public policy consideration, the principle of "reasonable expectations" is of no avail to alter the terms of an otherwise unambiguous policy of insurance. *Lambert By Cobb v. State Farm Mutual Automobile Insurance Co.,* 820 S.W.2d 602, 604 (Mo.App.1991).

There being no ambiguity, statute or public policy requiring coverage under the circumstances of the case at bar, the judgment of the trial court is affirmed.

All concur.