**Stuart M. LEVENTHAL, Plaintiff–Respondent/Cross Appellant,**

**v.**

**TRUSTMARK INSURANCE COMPANY, Defendant–Appellant/Cross Respondent.**

**Nos. ED 76751, ED 76934.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 23, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 12, 2001.

entering its August 25, 1999 Order granting Plaintiff a new trial despite the court's lack of jurisdiction over Plaintiff's post-trial motions on such date; (4) entertaining an unpleaded claim based upon a "period of treatment" construction of the Policy; (5) relying upon the "period of treatment" construction because the undisputed evidence at trial established that Plaintiff was entitled to no relief under such theory; (6) denying Trustmark's motions for directed verdict and judgment notwithstanding the verdict ("JNOV"), by permitting Plaintiff to submit the case and by entering judgment on the jury's verdict because Plaintiff failed to make a submissible case with respect to damages; and (7) submitting jury instruction number 6, which was partially erroneous and misdirected the jury.

Plaintiff filed a cross-appeal, alleging that the trial court erred in setting aside the jury verdict because it was based upon Trustmark's failure to pay for Plaintiff's prostate cancer treatment, which Trustmark was responsible for regardless of the Policy's interpretation.

We reverse in part and affirm in part.

Clark H. Cole, Patrick J. Kenny, St. Louis, MO, for appellant.

David T. Butsch, Clayton, MO, Daniel S. Peters, St. Louis, MO, for respondent.

MOONEY, Presiding Judge.

Trustmark Insurance Company ("Trustmark") appeals from the trial court's August 25, 1999 Order granting Steven Leventhal's ("Plaintiff") motion to amend judgment and allowing a new trial, and from the underlying judgment awarding Plaintiff $13,750 pursuant to a major-medical insurance policy ("Policy"). According to Trustmark, the trial court erred in: (1) finding that Plaintiff's Policy was ambiguous; (2) wrongly applying the doctrine of contra proferentum and construing the Policy against Trustmark; (3)

*Facts*

In 1962, Plaintiff purchased the Policy from Monarch Life Insurance Company, which is currently administered by Trustmark. Plaintiff's Policy bears no resemblance to a typical major-medical insurance policy in that it contains no coordination-of-benefits clause, which would prevent the total payments received by an insured from primary and secondary insurance policies to exceed 100% of the treatment cost. As of the time of trial, Plaintiff was the only remaining active holder of such a policy in the State of Missouri.

Pursuant to the Policy, Plaintiff pays a yearly $1189 premium and may, after the exhaustion of a $500 deductible, receive up to $13,750 in insurance benefits. More specifically, the Policy provides that Trust-

mark pay Plaintiff for eligible expenses up to the Policy maximum "during a continuous period of treatment." The Policy defines a "period of treatment" as "any period during which the Insured, as a result of such sickness or such injuries, is under the care and attention of a licensed physician...."

Plaintiff filed a two-count petition against Trustmark arising from the insurance company's distribution of benefits under the Policy. In his first count, Plaintiff sought benefits in the amount of $13,750 for prostate cancer treatment he received after December 3, 1997. Trustmark had denied such claims, arguing that Plaintiff had exceeded his benefit maximum for the "period of treatment" during which Plaintiff received the cancer treatment.

In Count II, Plaintiff sought declaratory relief as to the proper construction of the Policy, and subsequently filed a motion asking the court to interpret the contract or determine whether an ambiguity existed. According to Plaintiff, the Policy provides a new and separate "period of treatment" for each individual sickness he suffers, which the parties refer to as a "per condition" interpretation. However, Trustmark advocates a "period of treatment" interpretation of the Policy, arguing that a "period of treatment" continues as long as Plaintiff continues under a physician's care and can include more than one medical condition. After considering both interpretations, the trial court found that the Policy was ambiguous and that a genuine issue existed regarding whether a "per condition" or "period of treatment" interpretation should be applied. Accordingly, the issue of the Policy's construction was considered at a bench trial, and on April 27, 1999, the trial court found that the Policy provided benefits on a "period of treatment" basis. The claim for policy benefits was set for jury trial.

Trustmark subsequently filed a motion to dismiss, arguing that nothing remained to be decided by the jury given the trial court's determination that a "period of treatment" interpretation should be applied to the Policy. That motion was denied, and a jury trial was conducted on the policy benefits claim. At the conclusion of Plaintiff's evidence, Trustmark moved for a directed verdict, which the trial court denied.

On April 29, 1999, the jury returned a verdict for Plaintiff in the amount of $13,750, the maximum allowed to Plaintiff under the Policy for a "period of treatment." Both parties filed post-trial motions. On May 5, 1999, Plaintiff filed a motion to amend judgment, requesting that the trial court amend its judgment to apply a "per condition" interpretation to the Policy but specifically asking that the jury verdict not be set aside. On June 1, 1999, Plaintiff filed a motion for new trial as to the Policy construction issue on the basis of newly discovered testimony, and Trustmark filed a motion to modify judgment and enter JNOV or grant a new jury trial. Thereafter, on August 16, 1999, Plaintiff filed a notice of appeal. On August 24, 1999, the trial court entered an order stating that it no longer had jurisdiction over the parties' post-trial motions because of Plaintiff's appeal. The trial court vacated such order the following day, and instead granted Plaintiff's motion to amend judgment and allowed a new trial because the trial court erred in: (1) finding the Policy ambiguous; (2) failing to construe the Policy provisions against Trustmark; (3) limiting Plaintiff's breach of contract cause to a "period of treatment" basis; and (4) preventing the jury from considering the breach-of-contract cause on a "per condition" basis. Trustmark then filed its notice of appeal on August 27, 1999. On September 9, 1999, Plaintiff dismissed his first appeal.

On October 13, 1999, Plaintiff filed a motion for leave to file a cross-appeal out of time, and this Court granted Plaintiff leave to file his second notice of appeal. Plaintiff's cross-appeal and Trustmark's appeal have been consolidated for the purposes of our review.

*Argument*

In essence, this appeal raises two, significant questions for our Court to consider. First, we must ascertain the judgments being appealed from. Thus, we shall first consider the issue raised by Trustmark in point three of its brief, which alleges that the trial court lacked jurisdiction when entering its August 25, 1999 Order granting Plaintiff's motion to amend, vacating the jury verdict and allowing Plaintiff a new jury trial. After considering whether the trial court had jurisdiction to enter the August 1999 Order, we must then determine whether the Policy is ambiguous as written, as well as Trustmark's remaining allegations of error and Plaintiff's cross-appeal.

■ Trustmark contends in its third point on appeal that the trial court erred in entering its August 25, 1999 Order purporting to grant Plaintiff's motion to amend judgment regarding the issue of Policy interpretation, to vacate the jury's verdict, and to allow Plaintiff a new trial. According to Trustmark, Plaintiff filed a motion to amend judgment on May 5, 1999, which is actually a motion for new trial, followed by the filing of a second motion for new trial on June 1, 1999. Therefore, it is Trustmark's position that the ninety-day period during which the trial court must rule upon all post-trial motions began on the date Plaintiff's first motion for new trial was filed on May 5, 1999. Because the trial court entered its order granting Plaintiff's motion to amend on August 25, 1999, it did so outside the ninety days allowed under Rule 78.06[1] and thus without proper jurisdiction. We disagree, and find that the trial court had jurisdiction to enter its August 25, 1999 Order granting

Plaintiff's motion to amend judgment as to the declaratory judgment, but did not have jurisdiction to set aside the jury verdict and grant Plaintiff a new jury trial.

First, we do not agree with Trustmark's characterization that Plaintiff's motion to amend judgment is in fact a motion for new trial. To the contrary, the motion is clear on its face that the relief sought by Plaintiff is to construe the Policy in favor of the insured and enter an amended judgment finding that the Policy should be construed on a "per condition" basis, not to grant a new trial as to the benefits claimed. As such, Plaintiff filed two authorized after-trial motions, a motion to amend judgment and a motion for new trial. *Taylor v. United Parcel Service*, 854 S.W.2d 390, 392 n. 1 (Mo.banc 1993). Under the circumstances here, where Count I was tried to the court and Count II was tried to the jury, Plaintiff should be permitted to file both a motion to amend judgment and a motion for new trial.

In accordance with Rule 81.05(a), "[i]n the event a motion for new trial is timely filed, the judgment becomes final at the expiration of ninety days after the filing of such motion ..." Therefore, the trial court has ninety days from the filing of the motion for new trial during which to rule upon all after-trial motions before they are deemed overruled. *See* Rule 78.06. Because Plaintiff's motion for new trial was filed on June 1, 1999, the trial court's ruling as to the post-trial motions on August 25, 1999, was within the ninety days allowed under Rule 78.06. Therefore, the trial court did not lack jurisdiction when entering its order granting Plaintiff's motion to amend judgment.[2]

---

1. We recognize that Rule 78.06 was amended effective January 1, 2000, but note that the 1999 version of Rule 78.06 is applied for purposes of this appeal.

2. The same result is obtained if this case were decided under the revisions of the Supreme Court Rules effective January 1, 2000. Under Rule 78.04, both a motion for new trial and a motion to amend judgment are authorized after-trial motions in jury-tried cases as well as court-tried cases. According to Rule 81.05(a)(2), all after-trial motions are deemed overruled ninety days after the last timely authorized after-trial motion is filed. Here the last timely motion was filed on June 1, 1999, and the trial court's ruling occurred within ninety days of that date.

■ However, after reviewing the record we further conclude that the trial court's August 25, 1999 Order granted only Plaintiff's motion to amend judgment in which Plaintiff merely requested that the court apply a "per condition" interpretation to the Policy, and expressly denied all other motions. After thirty days of the entry of judgment, a trial court may only grant relief within the range of remedies suggested in the parties' post-trial motions. *Carter v. Carter,* 901 S.W.2d 906, 911 (Mo.App. E.D.1995). Although the trial court allowed Plaintiff a new jury trial, it did not grant Plaintiff's motion for new trial in order for additional testimony to be taken from a witness not available at the first trial. Instead, the trial court granted Plaintiff's motion to amend judgment, listing several errors committed by the trial court as alleged in Trustmark's motion to amend. Because the trial court granted only Plaintiff's motion to amend judgment, and Plaintiff did not request a new trial in its motion to amend, we find that the trial court acted outside its scope of authority in granting Plaintiff a new trial. Hence, the grant of a new jury trial was in excess of its jurisdiction and is void. *Id., citing Layton v. Layton,* 724 S.W.2d 657, 658 n. 2 (Mo.App. E.D.1986); *State ex rel. Chemical Dynamics, Inc. v. Luten,* 581 S.W.2d 921, 923 n. 1 (Mo.App. E.D.1979).

■ Having concluded that the trial court's Order granting Plaintiff's motion to amend judgment is properly before us, we now turn to Defendant's remaining allegations of error on appeal. In its first point relied upon, Trustmark argues that the trial court erred in holding that Plaintiff's Policy was ambiguous and in granting Plaintiff's motion to amend judgment. According to Trustmark, the Policy can be ambiguous only if it uses the word "sickness" in both its generic and specific sense, which the Policy does not do, and Plaintiff's construction misreads and ignores the essential language of the Policy. We agree.

■ The question of whether a contract is ambiguous is one of law for the court to decide. *CIT Group/Sales Fin., Inc. v. Lark,* 906 S.W.2d 865, 868 (Mo.App. E.D.1994). Therefore, the standard of review is de novo with the appellate court independently considering the evidence and reaching its own conclusion. *Bickerton, Inc. v. American States Ins. Co.,* 898 S.W.2d 595, 601 (Mo.App. W.D.1995).

■ Courts must enforce an insurance policy as written unless it is ambiguous. *Hempen v. State Farm Mut. Auto. Ins. Co.,* 687 S.W.2d 894 (Mo.banc 1985). Our function as an appellate court is not to rewrite an insurance contract, but instead to construe it. *Protective Casualty Ins. Co. v. Cook,* 734 S.W.2d 898, 905 (Mo.App. E.D.1987). Because insurance policies are contracts, the rules applicable to contract construction apply to insurance policies as well. *Moore v. Commercial Union Ins. Co.,* 754 S.W.2d 16, 18 (Mo.App. E.D.1988). Contract language is ambiguous when doubt or uncertainty exists as to its meaning, and it is susceptible of two interpretations. *Nixon v. Life Investors Ins. Co. of America,* 675 S.W.2d 676, 679 (Mo.App. W.D.1984). Ambiguity arises in an insurance policy when it contains duplicity, indistinctness, or uncertainty of meaning. *Id.*

As stated above, Plaintiff's Policy provides that Trustmark will pay up to $13,750 after the $500 deductible is met, for any loss resulting from "Sickness of the Insured, contracted and commencing while this policy is in force, hereinafter called 'such sickness.' " ' Under the Policy, Plaintiff is limited to the major medical expense maximum of $13,750 for medical treatment and medicines for any one continuous "period of treatment." A "period of treatment" is defined as "any period during which the Insured, as a result of such sickness or such injuries, is under the care and attention of a licensed physician ..." The Policy further provides that if the Insured is not under the care and attention of a physician for such sickness

for six months or more, any subsequent treatment for such sickness shall be subject to a new deductible and new maximum benefit.

We find the above-stated Policy language to be unambiguous, and the term "sickness" to be used generically as referring to ill health in general. Although the word "sickness" may have both a generic and specific meaning, those meanings involve different grammatical constructions. Here, the Policy provides coverage for "sickness of the Insured." When the word "sickness" is not preceded by a modifying article or adjective, "sickness" is only used in its generic sense, referring to ill health in general. *See Eckstein v. Monarch Life Ins. Co.*, 82 A.D.2d 774, 441 N.Y.S.2d 1, 1 (1981) (In a virtually identical policy issued by Monarch Life Insurance Company, the court interpreted the term "sickness" in its generic sense, meaning the condition of being ill.); *Wolf v. Monarch Life*, C.A. No. 5:97–1244–22 (In *Wolf*, the court cites the *Eckstein* definition of "sickness" in reaching its conclusion that only one "period of treatment" may exist at any one period of time.) As such, we find that the trial court erred in finding the Policy ambiguous and granting Plaintiff's motion to amend judgment.

We need not address Trustmark's second allegation of error on appeal because we reverse the trial court's decision on the grounds set forth in Trustmark's first point and find that the trial court erred in finding the Policy ambiguous.

In its fourth through eighth claims of error, Trustmark urges reversal of the judgment entered on the jury verdict. In its fourth claim, Trustmark alleges error because Plaintiff did not plead his claim under a "period of treatment" construction. However, Plaintiff did plead the elements of an insurance contract claim and is not required to identify his theory of recovery or proposed contract construction because Missouri is a fact-pleading state. *Luethans v. Washington University*, 894 S.W.2d 169, 171 (Mo.banc 1995); Rule 55.05.

In its fifth claim, Trustmark argues that Plaintiff was disqualified under the contract from receiving benefits for his cancer treatment because he had previously received benefits for diagnostic tests during the "period of treatment." Trustmark further claims the jury was misdirected as to this issue. We neither construe the diagnostic tests as "treatment" for cancer, nor do we construe diagnostic tests as having the same "cause" as cancer. Therefore, we find no disqualification under the evidence and no impropriety in the instruction.

In its sixth claim, Trustmark urges error in Plaintiff's proof of damages. However, Trustmark's representative conceded at trial that the medical bills were not unreasonable. We therefore find no error.

In his cross-appeal, Plaintiff urges reversal in the vacation of the jury verdict, but also requests a remand for further claims to be jury-tried under Plaintiff's "per condition" theory. However, in consideration of Trustmark's third point relied on appeal, we found the trial court was without jurisdiction to vacate the jury verdict. Further, Plaintiff has no need of a further jury trial under his "per condition" theory because we find this theory in error.

We reverse the trial court's judgment in part and affirm in part. We reverse the trial court's granting of Plaintiff's motion to amend, the trial court's order vacating the judgment and the granting of Plaintiff's new jury trial. The jury verdict is reinstated. The Policy is declared unambiguous, and is to be construed on a "period of treatment" basis. In all other respects, the judgment is affirmed.

SIMON and SULLIVAN, JJ., concur.