Eugene CORBETT, d/b/a Physician
Finders, Inc., Respondent,

v.

Howard GERSTEIN, M.D., Appellant.

No. ED 80331.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 5, 2002.

Glenn E. Davis, Jeffrey H. Kass, Arm-
strong, Teasdale, Schlafly, Davis & Dicus,
St. Louis, MO, for Appellant.

Nicholas G. Higgins, Ballwin, MO, for
Respondent.

GLENN A. NORTON, Judge.

Dr. Howard Gerstein appeals the judgment in favor of Physician Finders on its claim for breach of contract. We affirm.

## I.  BACKGROUND

Gerstein contacted Physician Finders to assist him in recruiting additional physicians to work in his practice. Gerstein and Physician Finders entered into a written contract under which Physician Finders agreed to "identify, interview and refer qualified candidates" for Gerstein. In return, Gerstein agreed to pay Physician Finders for each candidate referred by Physician Finders and placed in Gerstein's practice.

Dr. Sadhukhan and Dr. Chaterjee, who were engaged to be married, were interested in joining Gerstein's practice. Sadhukhan had learned from a mutual colleague that Gerstein had positions available, and called Gerstein on behalf of himself and Chaterjee. The next day, Sadhukhan saw a Physician Finders' flier advertising positions with Gerstein. Sadhukhan called Physician Finders to determine if the positions advertised on the flier were the same ones that he had talked to Gerstein about the day before. Physician Finders informed Sadhukhan that they were the same positions, and Sadhukhan told Physician Finders that he had already spoken with Gerstein about the jobs. After the phone call, Sadhukhan sent his and Chaterjee's resumes to Physician Finders. Physician Finders then sent Gerstein a letter along with the resumes. In the letter, Physician Finders explained that Sadhukhan had contacted them and that "he told me that he has talked with you and you are checking his references." Physician Finders closed the letter by asking Gerstein to "[p]lease let me know your interest."

Gerstein and Physician Finders corresponded concerning Sadhukhan, Chaterjee and other candidates over the next several weeks. Physician Finders also spoke with Sadhukhan and Chaterjee about what they were looking for in a practice and whether they fit Gerstein's needs. Gerstein then contacted Physician Finders and told them that he believed Sadukhan and Chaterjee were referred by a colleague—not by Physician Finders—and that therefore Gerstein would not owe Physician Finders a fee if he hired them.

Ultimately, Gerstein did hire Sadhukhan and Chaterjee. Physician Finders billed Gerstein under the contract. Gerstein refused to pay, and Physician Finders filed a petition claiming breach of contract. At the bench trial, Gerstein claimed that he did not owe Physician Finders the contract price because Physician Finders did not introduce Sadhukhan and Chaterjee to him. The trial court entered a judgment for Physician Finders, ordering Gerstein to pay the contract price.

## II.  DISCUSSION

On review of this court-tried case, we will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We accept the evidence and inferences favorable to the prevailing party and disregard all contrary evidence. *Lake Cable, Inc. v. Trittler,* 914 S.W.2d 431, 434 (Mo.App. E.D.1996). The interpretation of this contract is a question of law that we review *de novo. Leventhal v. Trustmark Ins. Co.,* 39 S.W.3d 46, 50 (Mo. App. E.D.2001).

"The cardinal rule in the interpretation of a contract is to ascertain the

intention of the parties and to give effect to that intention." *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo. banc 1973). Where the parties have expressed their final and complete agreement in writing and there is no ambiguity in the contract, the intent of the parties must be determined solely from the four corners of the contract itself. *Mid Rivers Mall, L.L.C. v. McManmon*, 37 S.W.3d 253, 255 (Mo.App. E.D.2000). We do not interpret the language of a contract in a vacuum, but rather by reference to the contract as a whole. *Purcell Tire & Rubber Co., Inc. v. Executive Beechcraft, Inc.*, 59 S.W.3d 505, 510 (Mo. banc 2001).

■ Gerstein alleges that the contract did not permit recovery of fees by Physician Finders unless Physician Finders actually introduced the candidates that Gerstein hired. Paragraph two of the contract provides:

PF agrees to identify, interview and refer qualified candidates to the Client to the best of its ability and to perform reference checks on referred candidates upon request.

Paragraph three states:

Acceptance of PF referrals supersedes any prior or incidental knowledge of or contact with PF candidates. Client assumes full responsibility for prescreening PF referrals against known contacts, client files, other sources, and etc. Employment of PF referred candidates obligates Client to pay PF in accordance with the terms of this Agreement.

Paragraph three is dispositive. It declares that acceptance of a Physician Finders' referral "supersedes *any* prior" knowledge of or contact with that candidate. Physician Finders is not engaged in a race with Gerstein's colleagues to introduce candidates to him first. Rather, Physician Finders makes a referral to Gerstein and Gerstein may then accept or reject that referral. Physician Finders, through its experience in the industry, recognizes that physicians talk among themselves about these positions. Good business practice dictates that a fee cannot be lost merely because a potential candidate is first mentioned in such conversations. Likewise, a physician may not want to rely on a personal reference alone, but may wish to rely on the input and assistance of Physician Finders in deciding to hire a candidate. Paragraph three anticipates and addresses this situation.

In the initial letter sent to Gerstein regarding Sadhukhan and Chaterjee, Physician Finders stated, "[Sadhukhan] told me that he has talked with you and you are checking his references." Gerstein waited to mention that they were referred by someone else until after weeks of work with Physician Finders and after it appeared that Sadhukhan and Chaterjee were going to be hired. Gerstein's acceptance of these referrals made by Physician Finders superseded *any* prior referral, introduction or contact with Sadhukhan and Chaterjee that Gerstein may have had. Because he accepted Sadhukhan and Chaterjee as Physician Finders' referrals, Gerstein is liable under the contract.

## III. CONCLUSION

The judgment is affirmed.

WILLIAM H. CRANDALL, P.J. and SHERRI B. SULLIVAN, J. concurring.