Lacey L. KERTZ, Appellant,

v.

STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Respondent.

No. ED 88839.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 10, 2007.

Application for Transfer to Supreme Court
Denied Sept. 4, 2007.

Application for Transfer Denied
Nov. 20, 2007.

Matthew J. Devoti, St. Louis, MO, for appellant.

Scott C. Harper, Clayton, MO, for respondent.

PATRICIA L. COHEN, Judge.

Lacey L. Kertz appeals from the judgment of the Circuit Court of the City of St. Louis, granting State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment. The trial court found that Ms. Kertz was not entitled to stack the uninsured motorist coverage contained in her foster parents' insurance policies because Ms. Kertz was not a named insured. We affirm.

### Facts and Procedural History

The following are the stipulated facts viewed in the light most favorable to Ms. Kertz: On June 15, 2004, Ms. Kertz, who at the time was a foster child of Bruce and Mary McKinstry, was traveling northbound on Highway 67, near its intersection with Route V. Bryan Conway was traveling southbound on Highway 67. In order to avoid a vehicle traveling northbound on southbound Highway 67, Mr. Conway left southbound Highway 67 and crossed the median, colliding with Ms. Kertz. The identity of the owner and/or driver of the vehicle that forced Mr. Conway from southbound Highway 67 remained unknown. Mr. Conway's insurance carrier settled Ms. Kertz's claims against Mr. Conway for $100,000. However, Ms. Kertz suffered injuries resulting in medical expenses in excess of $100,000.

At the time of the accident, the McKinstrys were covered by four State Farm motor vehicle insurance policies, each providing $50,000 per person, $100,000 per accident of uninsured motorist coverage. All four insurance policies at issue state, in pertinent part:

Section III—UNINSURED MOTOR VEHICLE

. . .

We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.

. . .

Who Is an Insured

Insured—means the person or persons covered by uninsured motor vehicle or underinsured motor vehicle coverage.

This is:

1. the first person named in the declarations;

2. his or her spouse;

3. their relatives; and

4. any other person while occupying:

a. your car[.]

. . .

Limits of Liability

Coverage U

1. The amount of coverage is shown on the declarations page under "Limits of Liability—U—Each Person, Each Accident." Under "Each Person" is the amount of coverage for all damages . . . arising out of and due to bodily injury to one person[.]

. . .

4. The limits of liability are not increased because more than one person is insured at the time of the accident.

The policies define "relative" as "a person related to you or your spouse by blood, marriage or adoption who lives with you. It includes your unmarried and unemancipated child away at school."

Ms. Kertz brought a two-count suit against State Farm to recover the uninsured motorist (Count 1) and underinsured motorist (Count II) benefits contained in the McKinstry's policies. Both parties filed motions for summary judgment.[1] In Ms. Kertz's Motion for Summary Judgment, she argued that she should be permitted to stack the McKinstry's four auto insurance policies on the grounds that she was a minor child dependent upon the McKinstry's for financial, emotional and other parental support. By contrast, State Farm sought summary judgment on the grounds that Ms. Kertz was not entitled to stack the McKinstry's policies because she was "neither the named insured nor a relative of the named insured." The trial court denied Ms. Kertz's motion and granted State Farm's motion. Ms. Kertz appeals.

### Standard of Review

■ Our review of a grant of summary judgment is essentially *de novo*. *ITT Comm'l Fin. Corp. v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). We view the record in the light most favorable to the non-movant and uphold the trial court's judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 380. Because insurance policies are contracts, we are governed by rules applicable to contract construction.

*Leventhal v. Trustmark Ins. Co.*, 39 S.W.3d 46, 50 (Mo.App. E.D.2001). Thus, we enforce the insurance policy as written unless it is ambiguous. *Id.* "Our function as an appellate court is not to rewrite an insurance contract, but instead to construe it." *Id.* Importantly, although "uninsured motorist coverage is to be given a liberal construction, coverage should not be created where there is none." *Livingston v. Omaha Prop. & Cas. Ins. Co.*, 927 S.W.2d 444, 446 (Mo.App. W.D.1996).

### Analysis

■ In her sole point on appeal, Ms. Kertz contends the trial court erred in granting State Farm's motion because, as the McKinstry's foster child, Ms. Kertz is entitled to stack uninsured motorist coverage to the same extent as if she were the McKinstry's minor child. More specifically, Ms. Kertz asserts that: (1) the public policy underlying Section 379.203.1 [2] that permits the named insured, and his or her "relatives," to stack uninsured motorist coverage also supports stacking for foster children; and (2) the doctrine of reasonable expectations mandates treating Ms. Kertz the same as a minor child residing with the McKinstrys and related to them by blood, marriage, or adoption.

■ Pursuant to Section 379.203.1, an insured is entitled to recover the statutory minimum $25,000 when involved in a motor vehicle accident with an uninsured motor vehicle. *Cook v. Pedigo*, 714 S.W.2d 949, 952 (Mo.App. E.D.1986). When a named insured has multiple vehicle insurance policies with the same insurer, the insured may stack each policy's uninsured motorist coverage. *Cameron Mut. Ins. Co. v. Madden*, 533 S.W.2d 538, 544–45 (Mo. banc 1976). Moreover, in *Husch v. Nationwide*

---

1. The parties settled Count II prior to the motions for summary judgment.

2. All statutory references are to RSMo 2000 unless otherwise indicated.

*Mut. Ins. Co.*, we held that "the [same] public policy which prohibits the insurer from limiting an insured to only one of the uninsured motorist, coverages provided by a policy under which two autos are insured also operates to prohibit such a limitation as to a spouse or minor children living in the insured's home." 772 S.W.2d 692, 694 (Mo.App. E.D.1989). In reaching the conclusion that public policy required stacking for a named insured and his or her relatives, we relied, to a considerable degree, on the reasonable expectations of the insured, noting that a "policy holder would reasonably expect his minor children to be entitled to the same uninsured motorist coverage which [he or she] is." *Id.* at 694–95.

■ However, in *Husch* we also reiterated that "one who is covered by an uninsured motorist policy solely by virtue of [his or her] occupancy is not entitled to stack the owner's coverage on two autos." *Id.* at 694 citing *Hines v. Gov't Employees Ins. Co.*, 656 S.W.2d 262, 265 (Mo. banc 1983). For a named insured, and his or her relatives, stacking is mandatory and required, but for all other parties injured while driving or occupying the named insured's vehicle, the limiting clause of the policy controls. *Linderer v. Royal Globe Ins. Co.*, 597 S.W.2d 656, 660–61 (Mo.App. E.D.1980).

Ms. Kertz urges us to expand the rationale of *Husch* to permit foster children to stack insurance policies. State Farm argues that the language of the insurance policies at issue here is clear and unambiguous. Namely, coverage is available only to the named insured, his or her spouse, and his or her relatives. Ms. Kertz contends, however, that as a foster child of a named insured, she should be accorded the same coverage as a named insured's relative.

The policies define "relative" to include persons related by blood, marriage, or adoption who live with the named insured. That definition is clear and unambiguous and Ms. Kertz does not fit into any of those categories. Despite Ms. Kertz's urging, we decline to rewrite the definition of a "relative" to include foster children. If State Farm had intended the definition of "relative" to include foster children, it could easily have done so. *See Busby v. Ranger Ins. Co.*, 708 S.W.2d 795, 796 (Mo. App. E.D.1986) (noting that insurance policy at issue "ward or foster child" in the definition of "family member"). Consequently, Ms. Kertz is an occupant insured, not a named insured and, as such, not entitled to stack the uninsured motorist coverage contained in the McKinstry's insurance policies.

■ Ms. Kertz also contends that the doctrine of reasonable expectations mandates allowing her to stack the McKinstry's insurance policies. In effect, Ms. Kertz argues that we should consider extrinsic evidence tending to show that the McKinstrys intended to define Ms. Kertz as a relative under their policies. State Farm rejoins that we cannot consider the reasonable expectations of a named insured unless we find the policy ambiguous. We agree.

■ The doctrine of reasonable expectations guarantees that the "objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." *Niswonger v. Farm Bureau Town & Country Ins. Co.*, 992 S.W.2d 308, 320 (Mo.App. E.D.1999) (internal citations omitted). However, the "doctrine of reasonable expectations is not in strict accordance with traditional principles of contract interpretation." *Id.*

Therefore, "[a]pplication of the objective reasonable expectation doctrine ... depends on the presence of an ambiguity in the policy language." *Harris v. Shelter Mut. Ins. Co.*, 141 S.W.3d 56, 60 (Mo.App. W.D.2004). Because the State Farm policy is unambiguous, "no basis exists for application of the objective reasonable expectation doctrine to the policy." *See id.* at 60–61. Point denied.

### Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

BOOKER T. SHAW, C.J., and ROBERT G. DOWD, JR., J., Concur.